**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                      ) | |
|    v.                                    ) | No. IP 03-CR-176-02-B/F |
|                                    ) | 1:05-cv-460-SEB-VSS |
| MANUEL SANCHEZ,              ) | |
|                                    ) | |
|        Defendant.       ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Drug charges against Manuel Sanchez were resolved through the entry and acceptance of a guilty plea. One provision of the guilty plea specifies that Sanchez waived what would otherwise have been his right to file a collateral challenge to his conviction and sentence, on certain grounds and within a certain period of time, pursuant to 28 U.S.C. § 2255. Notwithstanding this provision, Sanchez has sought precisely this relief. After briefing, the only claim on which Sanchez contends that this relief is warranted is that he was denied the effective assistance of counsel. This contention rests on the fact that the court did not find that he had only one criminal history point and he was thereby rendered ineligible for a sentence below the statutory minimum under the "safety valve" provisions of 18 U.S.C. § 3553(f).[1]

The waiver provision of the plea agreement between Sanchez and the United States is enforceable and prevents Sanchez from proceeding in this action unless Sanchez shows that the provision was invalid, which he does not attempt to do, or that he was denied the effective assistance of counsel in connection with the inclusion of that provision in the plea agreement. *See Jones v. United States,* 167 F.3d 1142, 145 (7th Cir. 1999) (such waivers

---

[1] The safety-valve provision is an exception to the general rule under the sentencing guidelines that, if the statutory minimum sentence is greater than the maximum guideline range, the statutory minimum sentence must be the guideline sentence. See U.S.S.G. § 5G1.1(b). The safety valve provides that, for convictions of certain drug offenses, the "court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" if the defendant meets certain requirements. See U.S.S.G. § 5C1.2(a)(1)-(5); *United States v. Rodriguez,* 60 F.3d 193, 194-95 (5th Cir. 1995). The first of these criteria is not having more than one criminal history point. See U.S.S.G. § 5C1.2(a)(1).

"are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

Sanchez's claims and arguments do not relate to the negotiation of the waiver provision of the plea agreement, nor to its validity in any fashion. His knowing plea of guilty admitted every element of the offenses by pleading guilty. *See United States v. Martin,* 147 F.3d 529 (7th Cir. 1998) (citing *United States v. Broce,* 488 U.S. 563 (1989)). These circumstances prevent Sanchez from seeking relief from his sentence pursuant to 28 U.S.C. § 2255.

Sanchez has not demonstrated that he is entitled to relief in this action. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. No evidentiary hearing is warranted. *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 06/23/2005

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana